IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEAL A. NORLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:23-03233-CV-RK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Movant Neal A. Norles is currently confined at USP McCreary in Pine Knot, Kentucky, serving a 360-month (30-year) term of imprisonment imposed by this Court on September 4, 2020. Now before the Court is Movant's "Motion Title 18 USC 3553(f) pursuant to: Safety Valve Section 402 Reductions" (Doc. 1), which the Court liberally construes as a motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255.[1]

### I. Background

On January 24, 2019, Movant was charged with one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Crim. Doc. 1.)[2] On February 19, 2019, Movant was charged by a second superseding indictment with two counts: conspiracy to distribute and possession with intent to distribute methamphetamine. (Crim. Doc. 64 at 2-4.)

On August 22, 2019, the Court entered a notice of hearing and set a change-of-plea hearing for September 5, 2019. (Crim. Doc. 100.) On September 5, 2019, Movant entered a guilty plea before Judge Rush to possession with intent to distribute methamphetamine. (*See* Crim. Docs. 107, 108.)[3] Movant entered this guilty plea pursuant to a written plea agreement. (Crim. Doc. 110.) On September 20, 2019, this Court accepted Movant's guilty plea pursuant to Judge Rush's

---

[1] Movant uses the term "ineffective assistance of counsel" throughout his filing, including in the first sentence, and reading the filing as a whole, the Court liberally construes his motion as a challenge, *inter alia*, to counsel's decision not to raise the § 3553 safety valve matter at sentencing. Such "ineffective assistance of counsel" claims are governed by § 2255.

[2] "Crim. Doc." refers to Movant's criminal case, No. 6:18-cr-03069-RK-4, and "Doc." refers to Movant's current civil case, No. 6:23-cv-03233-RK.

[3] The Government later dismissed the other count against Movant in the second superseding indictment, conspiracy to distribute methamphetamine. (*See* Crim. Doc. 170.)

Report and Recommendation. (Crim. Docs. 109, 117.) Accordingly, on February 6, 2020, the Court scheduled a sentencing hearing to take place on March 6, 2020. (Crim. Doc. 134.)

On September 4, 2020, the Court held a sentencing hearing. (*See* Crim. Doc. 168.) At the sentencing hearing, the Court calculated an advisory guideline range of 292 to 365 months' imprisonment, based on a total offense level of 37 and a criminal history category of IV. (Sent. Tr. at 36.) Ultimately, the Court sentenced Movant to 360 months' imprisonment. (Crim. Docs. 168, 170.)

Movant filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on September 23, 2021. (Crim. Doc. 187; Case No. 6:21-cv-03248-RK.) The Court denied the motion, denied a certificate of appealability, and dismissed the case on April 1, 2022. Movant applied to the Eighth Circuit for a Certificate of Appealability, and the application was denied and the appeal dismissed.

## II. Standard of Review

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence when "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" A motion under this statute provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citations omitted).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(a) provides that the Court is not

> required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Under §2255(h),

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

2

evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

### III. Discussion

Before the district court may consider a second or successive motion for relief under Section 2255, the prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the [motion]." 28 U.S.C. § 2244(b)(3)(A); see also § 2255(h)(1) and (2). Because Movant has not obtained the required authorization from the United States Court of Appeals for the Eighth Circuit, this case must be dismissed without prejudice for lack of jurisdiction.

Accordingly, it is **ORDERED** that this case is dismissed without prejudice. Movant may reassert his claims if and when he obtains the required authorization from the Court of Appeals.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 10, 2023